IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Brian T. Roberts,                            )        C/A No. 6:15-5011-HMH-JDA
                                             )
                    Plaintiff,               )
                                             )
vs.                                          )        **REPORT AND RECOMMENDATION**
                                             )
UTC Fire & Security Americas Corporation,)
Inc.,                                        )
                                             )
                    Defendant.               )
_____)

        Brian T. Roberts ("Plaintiff"), proceeding pro se, brings this civil action attempting to

allege a violation of a federal law.  Plaintiff is a non-prisoner, and he files this action *in*

*forma pauperis* under 28 U.S.C. § 1915.  The Complaint is subject to summary dismissal.

<u>**BACKGROUND**</u>

        Plaintiff alleges the following facts.  Defendant has harassed Plaintiff on multiple

occasions (approximately twelve) during October, November, and December of 2015 by

calling his telephone number using "Robo Calling" and "Phone Spoofing." [Doc. 1.]

Defendant has identified itself as "GE Home Security," on the telephone calls, but the calls

are made by a computer (not a natural born person). [*Id.*] Plaintiff placed his telephone

number on the "FTC 'Do Not Call' list" in 2011, and he has maintained that status.  [*Id.*]

Therefore, he is not supposed to receive "any telemarketing calls."  [*Id.*]

        The unwanted telephone calls have caused Plaintiff physical and emotional distress.

[*Id.*] The telephone calls are unwanted and a nuisance.  [*Id.*] Despite Plaintiff's attempts to

reach a person to request placement on an internal "do not call" list, he has been unable

to reach a person.  [*Id.*]

Plaintiff is domiciled in South Carolina.  [*Id.*]  Defendant is a corporation physically located in Farmington, Connecticut, and it is incorporated in Delaware.  [*Id.*]  Defendant purchased GE Home Security in 2009.  [*Id.*]

Based on these facts, Plaintiff alleges "Defendant willfully and intentionally violated FCR §310.4 Abusive telemarketing acts or practices."  [*Id.*] He alleges this is a "civil action for breaches of FCR §310.4 Abusive telemarketing acts or practices."  [*Id.*] Plaintiff seeks at least $10 million in damages.  [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for

2

him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

This action should be dismissed because Plaintiff fails to allege a plausible claim upon which relief may be granted, and this Court lacks subject matter jurisdiction. Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is

3

required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.*

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the Court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the Court will lack subject matter jurisdiction. *Id.*

If a plaintiff's complaint raises a federal question, this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an action "'... arising under the Constitution, laws, or treaties of the United States.'" *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted). Here, Plaintiff attempts to allege a federal question—he contends that Defendant violated the FTC "Do Not Call" list and the FCR § 310.4. This Court believes that Plaintiff intends to allege a violation of 16 CFR § 310.4, which appears to be a regulation promulgated by

4

the Federal Trade Commission ("FTC") restricting telemarketing practices.[*]  *See, e.g., Nat'l Fed'n of the Blind v. Fed. Trade Comm'n*, 420 F.3d 331 (4th Cir. 2014).  However, under the FTC Act, no private party has standing to sue for a violation.  *See Michaud v. J.P. Morgan Chase Bank*, Civil No. WDQ-12-0815, 2012 WL 145859, at *2 n.10 (D. Md. April 25, 2012) (explaining that the FTC has the authority to enforce the regulatory scheme, not a private individual); *Haynes v. Paree*, C/A No. 4:12-cv-329-RBH, 2012 WL 1032645, at *2 (D.S.C. March 27, 2012).  Therefore, Plaintiff does not plausibly allege a violation of federal law.

Further, a plaintiff may file a state law claim in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied.  *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).  Although Plaintiff alleges that the parties are domiciled in different States and seeks more than $75,000 in damages, this Court cannot discern a plausible alleged violation of South Carolina law.  The Complaint does not rely on state law.  And, from a review of the alleged facts liberally construed, there are insufficient facts pled that would support a violation of state law.  Therefore, Plaintiff fails to allege a plausible claim on which relief may be granted, and this Court lacks subject matter jurisdiction.

---

[*]FCR appears to be a typo; Plaintiff likely intended to write CFR.

**<u>RECOMMENDATION</u>**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

January 11, 2016                                     S/Jacquelyn D. Austin
Greenville, South Carolina                   United States Magistrate Judge

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).